UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TANYA RAE SMITH,

           Plaintiff,

  v.                                  Case No. 12-C-1254

ITT TECHNICAL INSTITUTE,

           Defendant.

**SCREENING ORDER**

Plaintiff Tanya Smith, a resident of Wisconsin proceeding *pro se*, has brought an action under state law. She has also filed a motion for leave to proceed *in forma pauperis*. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

Recognizing that some nonpaying litigants may attempt to abuse this privilege, however, Congress also authorized the courts to dismiss such a case if the allegation of poverty is untrue, or if satisfied that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2). An action is considered frivolous if there is no arguable basis for relief either in law or fact. *Neitzke*, 490 U.S. at 325.

In making such determinations, the Court must give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and must accept well-pleaded factual allegations as true. But even *pro se* allegations must contain at least "some minimum level of factual support." *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989). Persons should not be allowed to proceed *in forma pauperis* if their claims are so lacking in specific facts that the Court must invent factual scenarios that cannot be inferred from the pleadings. *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988).

Plaintiff has filed the required affidavit of indigence. Review of that affidavit reveals that Plaintiff is presently employed and has a monthly income of $2036 with little by way of savings. She also indicates that she has approximately $3671 in shared expenses with her partner, who has a monthly income of about $900. Based on Plaintiff's affidavit of indigence, the Court is satisfied that she meets the poverty requirements of 28 U.S.C. § 1915.

Turning now to Plaintiff's complaint, she alleges that defendant employees misrepresented the terms of her financial aid loan agreement. She states that the defendant's loan representatives assured her that she would be able to consolidate her loans and she would have a monthly payment of approximately $250. However, she was not able to consolidate and her current monthly payment is over $500. She indicates that the total of her loans is $107,272.66. She prays for relief in the form of recision of the loan agreement and damages. Liberally construing Plaintiff's complaint, she states a potentially viable Wisconsin state law claim for misrepresentation. *See Ollerman v. O'Rourke Co., Inc.*, 94 Wis. 2d 17, 24, 288 N.W.2d 95, 99 (1980).

2

Case 1:12-cv-01254-WCG   Filed 12/15/12   Page 2 of 3   Document 4

It is not enough for Plaintiff to state a claim, however. She filed her lawsuit in federal court. Federal courts have limited jurisdiction. A plaintiff must invoke the court's subject matter jurisdiction by including in her complaint "a short plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Plaintiff has failed to do so. Her claim arises under state law, and thus this court would have jurisdiction only if the parties are citizens of different states. 28 U.S.C. § 1332. The complaint lists Green Bay, Wisconsin addresses for both parties. Based on the allegations of the complaint, it appears the court lacks jurisdiction. For this reason, the complaint will be dismissed, but the dismissal is without prejudice. If there are grounds for federal jurisdiction, plaintiff can so allege and re-file her case in federal court. Alternatively, she can file her action in state court.

Accordingly, and for the reasons set forth above, the action is dismissed.

**SO ORDERED** this  15th  day of December, 2012.

                                         s/ William C. Griesbach
                                         William C. Griesbach, Chief Judge
                                         United States District Court

3

Case 1:12-cv-01254-WCG   Filed 12/15/12   Page 3 of 3   Document 4